IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
12/14/2020
U.S. DISTRICT COURT
Northern District of WV

SHARI SAMPSON,

    Plaintiff,

vs.

TRI-STATE EMERGENCY PHYSICIANS, LLP and
UNITED COLLECTION BUREAU, INC.,

    Defendants.

5:20-CV-255 (Bailey)

Case No. 20-C _____

## COMPLAINT

COMES NOW the Plaintiff, Shari Sampson, by counsel, and files this Complaint against the Defendants, Tri-State Emergency Physicians, LLP ("Tri-State") and United Collection Bureau, Inc. ("UCB"), and alleges as follows:

## PARTIES

1. <u>Plaintiff/Consumer</u>: Shari Sampson f/k/a Shari Shields is a consumer who received medical services from Defendant Tri-State and incurred a consumer debt. Ms. Sampson is a resident of Ohio County, West Virginia.

2. <u>Defendant/Creditor</u>: The Defendant Tri-State is a Michigan corporation doing business in West Virginia. It has a principal place of business at 4075 Copper Ridge Drive, Traverse City, MI 49684. Process may be served at: CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311-2124. Tri-State is the creditor of the Plaintiff Shari Sampson and attempted to collect a medical debt from the Plaintiff both directly and through the use of third party debt collection agencies.

3. <u>Defendant/Third Party Debt Collector</u>: The Defendant UCB is an Ohio corporation doing business in West Virginia. It has a principal place of business at 5620

Southwyck Blvd., Toledo, OH 43614.  Process may be served at:  Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

4. Original jurisdiction is proper under 28 U.S. Code § 1331 as this Complaint raises federal questions pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

## BACKGROUND

5. On or about June 10, 2017, Plaintiff obtained medical services from those affiliated with the Defendant Tri-State.  Those services were paid for by way of a check issued on November 22, 2017 to Tri-State by Esurance Insurance Company of New Jersey on behalf of Ms. Sampson that was accepted as payment in full and cleared the bank's payment process on November 30, 2017.

6. Upon information and belief, Tri-State applied this payment to the wrong account or otherwise misapplied the payment.

7. Thereafter, Tri-State continued to wrongly bill Ms. Sampson for a debt that was already paid and engaged in a campaign of unfair and abusive debt collection practices.

8. In doing so, Tri-State employed multiple third party debt collectors, including Equian, LLC and UCB.

9. Plaintiff disputed the alleged debt numerous times, including by way of letters dated March 12, 2019 and September 11, 2019 from Attorney Scott Blass to Equian recounting that the debt at issue had been paid and providing a copy of the negotiated check.

10. The September 11, 2019 letter also requests that all direct contact with Ms. Sampson cease and all inquiries be directed to Attorney Blass.

11. The Plaintiff retained attorney Scott Blass and Bordas & Bordas, PLLC to represent her interests in connection with personal injuries she suffered and related medical debt for which Defendants wrongfully contended the Plaintiff became in arrears.

12. Mr. Blass further expressly requested in his letter that the Defendant absolutely stop calling Plaintiff and that any future contacts should be direct to her attorney.

13. Instead of reconciling and closing its file, Tri-State continued to collect the account internally under the trade name EMBCC Patient Services, which appeared to be another third party collector, and in doing so communicated directly with the Plaintiff by letters and telephone calls.

14. A similar process occurred and by letters dated October 10, 2019 and November 12, 2019, Tri-State or EMBCC was informed by Attorney Scott Blass that the debt at issue had already been paid and it was provided with a copy of the negotiated check and direct collection activity was again requested to cease.

15. Plaintiff does not recall ever providing consent for either Defendant to call her cellular telephone. However, to the extent such consent was implied or otherwise provided, the Plaintiff, in the above described letters, unambiguously removed the Defendants' authorization to call her at any number, including her cellular phone.

16. She also removed any such consent again during multiple telephone calls she nonetheless received from with Defendants.

17. Thereafter, Defendants continued to utilize an automated dialing capable system to cause telephone calls to be placed to the Plaintiff on her cellular telephone.

18. Indeed, Tri-State employed a new third party debt collector to abuse and oppress Ms. Sampson – this time Defendant United Collection Bureau, Inc.

19. At all relevant times, Defendants were aware or should have been aware that Ms. Shields was represented by counsel specifically with respect to the alleged debt by Bordas & Bordas, PLLC and that direct calls to her were not permissible.

20. UCB sent multiple collection letters misstating the amount and status of the debt and made several calls directly to Ms. Shields at times known to be inconvenient and again misstated the debt obligation.

21. Rather than confronting the fact that Sampson had already paid for these services, Defendants continued to hound Ms. Sampson with the intent to annoy, abuse, oppress or threaten her into paying amounts not fairly due and owing.

22. Defendants misrepresented the true balance and nature of the subject debt in each communication.

23. With few exceptions that include calls made for emergency purposes and calls made with prior express consent, the TCPA makes it unlawful to make any call to a cellular telephone using any automatic telephone dialing system or an artificial or prerecorded voice.

24. Defendants consistently used an auto-dialing capable device and/or an artificial or prerecorded voice message in making calls to the Plaintiff on her cellular telephone.

25. The Defendants maintain records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employees. Such records will reflect that the Defendant placed numerous telephone calls to the Plaintiff's cellular telephone number after any consent to call was expressly revoked.

26. As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has suffered damages, including annoyance, aggravation, inconvenience, embarrassment and emotional distress.

27. On or about September 14, 2020, Plaintiff complied with the right to cure provision set forth in the Consumer Credit and Protection Act by sending a cure notice to each Defendant consistent with W.V. Code 46A-5-108.

28. The cure notice was received by Tri-State on September 24, 2020 and no cure offer was received.

29. The cure notice was received by UCB on September 16, 2020 and a cure offer was made by letter dated October 21, 2020 for an unacceptable amount.

## COUNT I
## Unfair Debt Collection

30. The foregoing paragraphs are realleged as if set forth here fully.

31. The Defendants are debt collectors as defined by W.Va. Code § 46A-2-122 and, thus, subject to the provisions of W.Va. Code §§ 46A-2-122, *et seq.*, regulating debt collection practices.

32. This Complaint alleges multiple violations of the West Virginia Consumer Credit & Protection Act ("the WVCCPA") stemming from the Defendants' debt collection practices.

33. By contacting the Plaintiff in an attempt to collect the underlying debt or to obtain information concerning the Plaintiff through fraudulent, deceptive or misleading representations or means, as further described above, Defendants violated W.Va. Code § 46A-2-127, including, but not limited to, subsections (a) & (d), on multiple occasions.

34. By contacting the Plaintiff in connection with the collection of or attempt to collect a claim through unfair or unconscionable means, as further described above, Defendant violated W.Va. Code § 46A-2-128 on multiple occasions.

35. By contacting the Plaintiff in connection with the collection of or attempt to collect a claim alleged to be due and owing in a manner that was unreasonably oppressive and abusive, as further described above, Defendants violated W.Va. Code § 46A-2-125 including, but not limited to, subsection (d), on multiple occasions on multiple occasions.

36. As a result of these violations, the Plaintiff is entitled to actual damages, as more fully described above, and is further entitled to a civil penalty for each violation of the WVCCPA, including each and every prohibited debt collection practice, in accordance with W.Va. Code §§ 46A-5-101(1) and 106.

37. The Plaintiff is entitled to reasonable attorney's fees and costs pursuant to W.Va. Code § 46A-5-104.

## COUNT II
### Violations of the Telephone Consumer Protection Act ("TCPA)

38. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

39. The Defendants used a predictive or other automated dialer system to call the Plaintiff on her cell phone.

40. The predictive or automated dialer system resulted in numerous calls being placed by the Defendants to the Plaintiff's cell phone.

41. The Plaintiff removed any consent that may have existed to call the Plaintiff's cell phone by letters dated September 11, 2019, October 10, 2019 and November 12, 2019 and during multiple of the calls placed by Defendants.

42. Nevertheless, Defendant continued to call Plaintiff's cell phone by using an automated dialer device.

43. As a result of the Defendant's actions, Defendant has repeatedly violated the TCPA, 47 USCS § 227(b)(1).

44. The Defendant's violations of the TCPA were willful as the Plaintiff expressly removed her consent to call her cell phone, first in writing and then verbally upon answering unwanted calls, and the Defendant ignored her.

45. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused emotional distress.

46. As a result of these violations, the Plaintiff is entitled to actual damages, as more fully described above, and is further entitled to a civil penalty for each violation of the TCPA, including $500 for each unauthorized call as provided for in 47 USCS § 227(b)(3)(B) or $1,500 for each willful violation under 47 USCS § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in her favor for the damages pled above, together with pre and post-judgment interest, attorney fees, and for any other relief the Court may find just and proper.

TRIAL BY JURY DEMANDED ON ALL ISSUES SO TRIABLE.

                SHARI SAMPSON, Plaintiff

By:   /s/ *Jason E. Causey*
       JASON E. CAUSEY #9482
       BORDAS & BORDAS, PLLC
       1358 National Road
       Wheeling, WV 26003
       (304) 242-8410
       *Counsel for Plaintiff*